1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREW E. ZALKOW; and ZALKOW DISCOUNT SOURCING, an Arizona limited liability company,** ) ) ) ) | **2:14-cv-00243 JWS** |
| **Plaintiffs,** ) ) | |
| **vs.** ) ) | <u>**PRELIMINARY**</u> **ORDER AND OPINION** |
| **TAYMOR INDUSTRIES U.S.A., INC., a California corporation; TAYMOR INDUSTRIES LTD., a Canadian corporation,** ) ) ) ) ) | **[Re: Motion at Docket 36]** |
| **Defendants.** ) ) | |

## I. PRELIMINARY NATURE OF THIS ORDER

This order does NOT decide the motion at docket 36.  Rather, this order is intended to assist counsel in preparing for oral argument.  It sets forth the court's preliminary views.  It does not authorize the filing of any additional motion papers.

Following oral argument, the court may adopt the order in whole or in part in its disposition of the motion.

## II.  MOTION PRESENTED

At docket 36, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Taymor Industries Ltd. ("Taymor Canada") moves for dismissal of Counts One and Three of the First Amended Complaint and for dismissal of the request for injunctive and declaratory relief in Count Two of the First Amended Complaint.  Defendant Taymor Industries U.S.A., Inc. ("Taymor USA") moves for dismissal of Count Three of the First Amended Complaint.  Plaintiffs Andrew E. Zalkow ("Zalkow") and Zalkow Discount Sourcing ("ZDS") respond at docket 46.  Defendants reply at docket 49.  Oral argument is scheduled for May 22, 2015.

## III.  BACKGROUND

Taymor USA is a California corporation that imports and sells hardware items, including towel racks, toilet paper holders, faucets, and lock sets. It is wholly owned by Taymor Canada. Zalkow was formerly employed as the president of Taymor USA, where his compensation included an annual bonus that was based on a percentage of the profits of both Taymor Canada and Taymor USA. In 2013 Taymor USA tendered Zalkow an annual bonus of $489,608.  Zalkow rejected the bonus as insufficient "due to a variety of factors, including but not limited to, decisions made by Taymor Canada related to the operations of Taymor [USA] that substantially reduced its 2012–2013 profits."[1]

---

[1]Doc. 34 at p. 3.

After Zalkow resigned from Taymor USA, he established ZDS, a company that sells products that do not compete with Taymor USA, including tile, manufactured stone, doors, and patio furniture.  Zalkow tried to recruit three independent marketing representatives who have business relationships with Taymor USA.  All three were initially interested in working with Zalkow, but were dissuaded from doing so when Taymor Canada told them it would be a conflict of interest.  Taymor Canada also is alleged to have misrepresented the scope of the Zalkow's non-compete and non-solicitation provisions to at least one of the representatives.

Plaintiffs brought the present action against defendants, originally alleging a claim for breach of contract and a claim for intentional interference with prospective contractual relations.  Pursuant to defendants' first motion to dismiss at docket 6, the court dismissed the breach-of-contract claim as to Taymor Canada and the contract interference claim as to Taymor USA.  Plaintiffs then amended their complaint.[2]  Count One of the First Amended Complaint alleges a breach of contract by both Taymor USA and Taymor Canada.  Count Two alleges that Taymor Canada intentionally interfered with plaintiffs' prospective contractual relations.  Count Three alleges a breach of the covenant of good faith and fair dealing by both defendant companies.  Defendants subsequently filed the motion to dismiss at issue, requesting that Count One be dismissed as to Taymor Canada, that Count Two be dismissed to the extent it requests injunctive and declaratory relief, and that Count Three be dismissed in its entirety.

---

[2]Doc. 34.

1

## IV.  STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3]  To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[4]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[3]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[4]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[5]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8]*Id.*

1
2
3
4
5
6

has acted unlawfully."[9]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

7
8

## V.  DISCUSSION

### A.    Applicable Law

9
10
11
12
13
14
15
16
17
18

The parties agree that Canadian law should govern the court's analysis of Count One and Count Three given plaintiffs' amended complaint, which makes clear that the breach-of-contract claim against Taymor Canada is based on an alleged breach of a December 2012 settlement/purchase and sale agreement between plaintiffs and Taymor Canada, referred to by the parties as the "Mason Agreement."[12]  The Mason Agreement requires application of the law of British Columbia and the law of Canada as to any dispute concerning the Mason Agreement or its construction.[13]  However, the

19
20
21
22
23
24
25
26
27
28

[9]*Id.* (citing *Twombly*, 550 U.S. at 556).

[10]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[11]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[12]Doc. 36-1.

[13]It remains unclear in the complaint whether the breach-of-contract claim against Taymor USA is premised on an employment contract or on the Mason Agreement.  Plaintiffs concede, however, that Taymor USA is not a party to the Mason Agreement so presumably any breach-of-contract allegation on the part of Taymor USA is based on a separate agreement not explicitly mentioned in the complaint.  It is not clear what law would need to be applied to that unspecified agreement; regardless, the motion to dismiss does not challenge Count One as to Taymor USA.

parties agree that Arizona law, not Canadian law, should govern plaintiffs' interference-of-contract claim.

**B.    Breach of Contract Against Taymor Canada**

Plaintiffs acknowledge that "breach of contract claims are pled similarly in both Canada and Arizona."[14]  In order to state a claim in contract, a plaintiff must establish that there was an agreement and a breach by the defendant.[15]  At docket 15, the court dismissed plaintiffs' breach-of-contract claim as to Taymor Canada.  The breach-of-contract claim is based on a dispute about Zalkow's annual bonus, and the court concluded that the complaint did not allege that Taymor Canada had failed to perform a contractual duty related to the bonus, even assuming that Taymor Canada was a party to Zalkow's employment agreement.[16]  The amended complaint has not fixed this deficiency.

As with the original complaint, the amended complaint makes clear that Taymor USA was Zalkow's employer.  It asserts that Zalkow worked for Taymor USA, that Taymor USA paid Zalkow annual bonuses, and that Taymor USA failed to pay him "his fully earned bonus."[17] Plaintiffs' new allegations linking Taymor Canada to the bonus—that Taymor USA acted "pursuant to the direction of Taymor Canada" and that "decisions made by Taymor Canada" caused the bonus to be lower than

---

[14]Doc. 46 at p. 5.

[15]*Coast Dryland Services Ltd. v. Canada (Ministry of Fisheries & Oceans)*, 2007 FC 16 (Can. ("In terms of breach of contract, the essential elements of the cause of action are the existence of a contract and its wrongful breach.").

[16]Doc. 15 at p. 4.

[17]Doc. 34 at p. 3.

expected[18]—do not change the fact that the complaint fails to allege that Taymor

Canada had any contractual obligation to pay Zalkow's bonus.

Plaintiffs argue that while Taymor Canada is not a party to any employment

agreement with Zalkow, Taymor Canada can still be liable for a breach of contract in

relation to the bonus under the Mason Agreement.  The language in the Mason

Agreement that Zalkow relies upon states as follows:

> [Zalkow] agrees to resign as an officer and employee of Taymor [USA]
> effective March 31, 3013 and until that date he will continue working full time
> for Taymor [USA] in his present position at his present compensation and
> benefit arrangements (including bonus) and will assist Taymor USA in any
> transition matters that are required to be dealt with as a result of his
> resignation.[19]

Such language does not impose a direct contractual obligation on Taymor Canada to

pay Zalkow. The complaint does not otherwise allege that Taymor Canada expressly

assumed any duty to do so as part of the Mason Agreement.  Plaintiffs' new allegations

that Taymor Canada directed and otherwise caused Taymor USA to underpay Zalkow

does not fix the deficiency.

**C.     Intentional Interference with Prospective Contractual Relations**

Plaintiffs' second cause of action alleges that Taymor Canada intentionally

interfered with their prospective contractual relations based on Taymor Canada's

statements to three independent representatives that Zalkow was trying to recruit.[20]  In

addition to seeking damages for Taymor Canada's conduct, plaintiffs are also seeking

---

[18]Doc. 34 at p. 3.

[19]Doc. 36-1 at p. 7.

[20]Doc. 34 at pp. 5-6.

injunctive and declaratory relief.  Taymor Canada moves to have the second cause of

action dismissed to the extent that it seeks such relief, arguing that injunctive and

declaratory relief is now moot given that the non-solicitation agreement expired as of

December 31, 2014.  "[T]o the extent that Taymor Canada is alleged to have

misrepresented the scope of this agreement in the past, it is a type of tortious

interference that is not susceptible to being repeated in the future."[21]  Plaintiffs concede

that the court should dismiss the claims for injunctive and declaratory relief given the

expiration of the non-solicitation agreement.[22]

**D.    Good Faith and Fair Dealing**

The basis for plaintiffs' bad faith claim is the Mason Agreement.[23]  However,

Taymor USA is not a party to the Mason Agreement.  Indeed, plaintiffs acknowledge in

their response brief that the Mason Agreement was between plaintiffs and Taymor

Canada.[24]  Taymor USA cannot be held liable for bad faith performance of a contract to

which it was not a party, and there is no allegation that plaintiffs' bad faith claim stems

from the employment agreement between Zalkow and Taymor USA.

Moreover, plaintiffs have not sufficiently pled a good faith claim under Canadian

law.  The Supreme Court of Canada recently discussed whether Canadian common law

imposes a general duty of good faith on contracting parties in all contracts.  It noted that

---

[21]Doc. 36 at p. 6.

[22]Doc. 46 at p. 12.

[23]Doc. 34 at p.39 ("In breach of the implied covenant of good faith and fair dealing, Taymor Canada and Taymor [USA], at the direction of Taymor Canada, have taken actions to deprive Zalkow of the benefits of the [Mason Agreement] . . .").

[24]Doc. 46 p. 5.

"Anglo-Canadian law has resisted acknowledging any generalized and independent doctrine of good faith performance of contracts."[25]  The court recognized that good faith has been required under existing Canadian case law, but generally only with regard to particular types of contracts, contractual provisions, or contractual relationships.  It noted that the source of such good faith obligations has been unclear; that is, it is not clear whether the good faith obligation is being imposed in such cases as a matter of law, a matter of implication, or a matter of interpretation.[26]  The court went on to recognize that there is an "overarching organizing principle" of good faith present in the existing case law applicable to certain situations and noted that development of this general principal should stem from existing law, but it declined to apply a broad good faith duty in all contractual situations.[27]  Instead, it adopted a narrower "duty of honesty in contractual performance" for all contracts, meaning that the "parties must not lie or otherwise knowingly mislead each other about matters directly linked to the performance of the contract."[28]  That is, the parties must be honest with each other in relation to the performance of their contractual obligations.[29]

Plaintiffs' complaint does not set forth sufficient facts to support a good faith claim under this newly articulated duty to act honestly in the performance of contractual obligations.  There are no allegations that Taymor Canada or Taymor USA actively lied

---

[25]*Bhasin v. Hrynew*, 2014 SCC 71, Para. 32 (Can.).

[26]*Id.* at Para. 48.

[27]*Id.* at Para. 69.

[28]*Id.* at Para. 73.

[29]*Id.* at Para. 93.

about matters *directly linked to their obligations under the contract*.  Indeed, as noted above, the Mason Agreement was primarily a purchase and sale agreement.  There is no allegation that Zalkow did not receive the required payments or that Taymor Canada otherwise failed to honestly perform any of its obligations under the agreement.  The specific allegations set forth in paragraphs 40 - 46 of the amended complaint do not allege active dishonesty as to matters directly linked to the Mason Agreement.

Plaintiffs argue that other Canadian cases have recognized a more expansive duty of good faith, but the court in *Bhasin* specifically declined to adopt a broad duty of good faith for every contract.[30]  The court recognized that in *some particular circumstances* good faith might require more than just honesty on the part of a contracting party—such as in cases where one party has discretionary power, when the parties must engage in some level of cooperation under the contract, when one party uses its contractual power to evade its obligations under the contract, or in employment, insurance, or tendering contexts—but it emphasized that existing case law delineates when and how to give good faith effect in such particular circumstances.[31]  For example, the court specifically discussed the case *Dynamic Transport Ltd. v. O.K. Detailing Ltd.*[32] and stated that, because the contract there involved a condition precedent to a sale of property, good faith required something more than just honesty; it required that the responsible party take reasonable steps to achieve the condition

---

[30]*Id.* at Para. 89.

[31]*Id.* at Paras. 47-56, 93.

[32][1978] 2 S.C.R. 1072 (Can.).

-10-

precedent.[33]  However, the circumstances present in *Dynamic Transport* are not alleged in plaintiffs' complaint.  Indeed, plaintiffs do not allege the  Mason Agreement involved any of the particular circumstances discussed in *Bhasin* that would justify the application of a more expansive duty of good faith.

**E.   Amendment**

Throughout their response plaintiffs ask for leave to amend the complaint further to fix any deficiencies.  However, they have not attached a proposed amendment for the court's consideration.[34]  Thus, the court cannot determine whether granting leave to amend would be futile.  Moreover, the time for filing motions to amend has passed.

## VI.  TENTATIVE CONCLUSION

Based on the preceding discussion, defendants' motion at docket 36 should likely be GRANTED as follows: Count One of plaintiffs' complaint should be dismissed as to Taymor Canada. Count Two of plaintiffs' complaint should be dismissed to the extent it seeks injunctive and declaratory relief.  Count Three should be dismissed in its entirety.

DATED this 5th day of May 2015.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[33]*Bhasin*, 2014 SCC 71, Para. 89.

[34]L.R. Civ. 15.1(a).

-11-