**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
2390 East Camelback Road, Suite 400
Phoenix, Arizona  85016
Telephone:  (602) 248-8203
Facsimile:  (602) 248-8840
E-Mail:  jas@ashrlaw.com

**Joseph A. Schenk - 009260**
Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW E. ZALKOW and ZALKOW DISCOUNT SOURCING, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TAYMOR INDUSTRIES U.S.A., INC., a California corporation; TAYMOR INDUSTRIES LTD., a Canadian corporation,<br><br>Defendants. | Case No. 2:14-cv-00243-MHB<br><br>Maricopa County Superior Court Case No. CV2014-000186<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT** |

## I.    INTRODUCTION

On April 9, 2015, to buy peace from meritless intra-family claims, Defendants Taymor USA and Taymor Ltd. (and the Zalkow family which owns them) offered a settlement to Andrew Zalkow in "full settlement of all claims."[1]  (Affidavit of Joseph A. Schenk, ¶9, attached hereto as Exhibit 1.)  On May 20, 2015, Defendants thought they had such a settlement and, on June 9, 2015, they sent a draft settlement agreement embodying those terms.  (Exhibit 1, ¶20.)  However, Andy Zalkow responded that he would settle this litigation, but would not release all claims.  Defendants immediately wrote that their offer was for a full release and nothing less.  (Exhibit 1, ¶23.)

Whether Andy Zalkow had a change of heart or the parties had a legitimate misunderstanding, Defendants were not – and are not – interested in anything other than a

---

[1] Notably, Plaintiffs' detailed recitation of settlement communication omits the language in Taymor's offer that it was "in full settlement of all claims" between the parties.

465874.1

global settlement of **all** claims. The current Motion – seeking to force a piecemeal settlement, and leave the door open for new meritless claims – is nothing short of frivolous.

### A.     The Settlement Negotiations.

After a failed mediation and the parties' discussion of a possible second mediation, Taymor's counsel sent a letter to Plaintiffs' counsel on April 9, 2014, in which he addressed the significant problems Plaintiffs would have in establishing their claims, and concluded:

> Notwithstanding Taymor's confidence in the ultimate outcome of this litigation, it has authorized me to offer $300,000 to Andy [Zalkow] **in full settlement of all claims against Taymor and Taymor USA.** This offer will remain open for a period of 15 days after the date of this letter. (Exhibit 1, ¶9.)

Following a series of counteroffers described in Exhibit 1, on May 5, 2015, Taymor's counsel telephoned Plaintiffs' counsel and advised him of Taymor's "cut to the chase" settlement number. (Exhibit 1, ¶15.) Later that same day, the Court issued its May 5, 2015 Preliminary Order, partially granting Taymor's Motion to Dismiss. (Exhibit 1, ¶16.) While Taymor viewed this tentative ruling as highly favorable to its position in the litigation, it advised Plaintiffs' counsel that it would still honor its prior settlement offer. On May 7, 2015, Plaintiffs' counsel sent an email saying that Plaintiffs had "accepted your clients' offer of $450,000 in settlement of the pending lawsuit…". (Exhibit 1, ¶18.) Within three minutes, Taymor's counsel responded with an email stating "[y]our acceptance of Taymor's offer is acknowledged. (Exhibit 1, ¶19.)

On May 20, 2015, Taymor's counsel provided a draft Settlement Agreement and Mutual Release ("Settlement Agreement") to Plaintiffs' counsel. (Exhibit 1, ¶20.) Consistent with Taymor's offer, the draft Settlement Agreement contained a comprehensive mutual release of all claims. (*Id.*). After receiving Taymor's draft Settlement Agreement, Plaintiffs' counsel filed a Notice of Settlement with the Court on

465874.1

May 21, 2015. (Exhibit 1, ¶21.) However, on June 9, 2015, Plaintiffs' counsel redrafted the Settlement Agreement, eliminating the global release and instead releasing only those claims "expressly asserted in the Lawsuit". (Exhibit 1, ¶22.)

Two days later, Taymor's counsel wrote a letter to Plaintiffs' attorney reiterating that Taymor's offer was in settlement of **all** claims, not just those asserted in this lawsuit. (Exhibit 1, ¶23.)

> Taymor's decision to pay $450,000 in settlement was not driven by the perceived value of the claims asserted against Taymor in this litigation. It was, instead, motivated by a desire to "buy peace" with Andrew Zalkow and to resolve any and all claims that Mr. Zalkow believes that he or his company might have against Taymor and its principals. If Mr. Zalkow is not willing to provide this type of broad mutual release, then it would appear that the parties did not have a meeting of the minds with respect to this settlement. (*Id.*)

On June 15, 2015, Taymor made a final attempt to explain its position regarding the scope of the settlement, and reiterated that it would honor its $450,000 offer in exchange for a full release of all claims. (Exhibit 1, ¶25.) Plaintiffs' next communication was this Motion to Enforce Settlement.

**B.     Taymor's Only Interest Is To Buy Peace From Frivolous Suits**

Nate Zalkow, Sam Zalkow, and Vivian Zalkow are, respectively, the father, uncle, and sister of Plaintiff Andrew Zalkow. Andrew Zalkow demanded to be bought out of Taymor, and, on December 31, 2012, his family complied with his request, paying him more than $30,000,000 to purchase all of his interest in Taymor and related companies. As part of the transaction, Andrew Zalkow agreed to release any claims that he might have against Taymor or his family.

In January, 2014, Andrew Zalkow filed this lawsuit against Taymor, alleging breach of contract and tortious interference with contractual relations that allegedly occurred in the year following his December 2012 release. This Court has already dismissed much of that suit, and Defendants are confident that they will prevail on the

3

465874.1

remaining claims. In order to end the family squabble up to the present date, Defendants were willing to pay $450,000; however, to simply replacing the current frivolous action with another has no value to Taymor. At no time has Taymor been willing to enter into a settlement absent a full release of **all** claims. (Exhibit 1, ¶27.)

## II. IF PLAINTIFFS INTENDED ONLY A PARTIAL SETTLEMENT, THEN THERE WAS NO MATCHING OFFER AND ACCEPTANCE

It is a fundamental principle of contract law that "the acceptance [of an offer] be on virtually the exact terms as the offer, and any attempt to accept on terms materially different from the original offer constitutes a counter-offer, which rejects the offer." *United California Bank v. Prudential Ins. Co. of America*, 140 Ariz. 238, 271 (App. 1983), quoting *Clark v. Compania Ganadera de Cananea, S.A.*, 94 Ariz. 391 (1963). As the Arizona Supreme Court held in *Clark*, "[a]n acceptance must comply exactly with the requirements of the offer, omitting nothing from the promise or performance requested." *Clark*, 94 Ariz. at 400.

Plaintiffs' May 7, 2015, email accepted Taymor's settlement offer. (Motion, pp. 1 & 3.) Taymor made no offer, ever, except for full settlement of all claims. That is the only offer which could have been accepted. If Plaintiffs' May 7, 2015 email was, in fact, an "exact" acceptance of Taymor's offer, the parties have reached a settlement agreement which includes a release of all claims. Taymor's immediate response was that Plaintiffs' "acceptance of Taymor's offer is acknowledged." (Exhibit 1, ¶19.) Consistent with this, Taymor's counsel prepared a draft Settlement Agreement that provided for a "full settlement of all claims". (Exhibit 1, ¶20.)

Based upon the foregoing circumstances, most probably Plaintiffs accepted Taymor's offer for a full settlement of all claims. If so, the parties have a binding and enforceable settlement. Alternatively, if Plaintiffs stand by their assertion that they only intended to offer a settlement of the specific claims in this lawsuit, it was a counteroffer that effectively amounted to a rejection of Taymor's offer, and no settlement was

4

465874.1

reached. *See Richards v. Simpson*, 111 Ariz. 415, 418 (1975); *Tennant v. Leary*, 82 Ariz. 67, 72 (1957).

### III. UNDER PLAINTIFFS' VERSION OF THE FACTS, THERE WAS NO "MEETING OF THE MINDS"

Taymor's only intent was to negotiate a global settlement of all claims. Indeed, as Taymor pointed out in its initial settlement letter, Taymor had a Motion to Dismiss pending with the Court, had obtained favorable signed Declarations from every material independent witness, and had strong defenses to Plaintiffs' breach of contract claim. (Exhibit 1, ¶9.) Taymor's counsel concluded his settlement letter with the following language:

> Notwithstanding Taymor's confidence in the ultimate outcome of this litigation, it has authorized me to offer $300,000 to Andy in full settlement of all claims against Taymor and Taymor USA. (*Id.*)

During the course of settlement negotiations, Taymor's position in the litigation only got stronger. On May 5, 2015, this Court released its Preliminary Order in which it indicated that it was inclined to grant substantial portions of Taymor's pending Motion to Dismiss. (Exhibit 1, ¶16.) Given this context, it would have made no sense for Taymor to offer $450,000 to settle claims on which it was likely to prevail.

If one takes Plaintiffs at their word, both sides thought that they had a settlement, but the terms of the perceived settlements were materially different. If so, there was no "meeting of the minds". The Arizona Supreme Court held in *Hill-Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469 (1990):

> It is well-established that before a binding contract is formed, the parties must mutually consent to all material terms. A distinct intent common to both parties must exist without doubt or difference and until all understand alike there can be no assent…If one party thinks he is buying one thing and the other thinks he is selling another thing, no meeting of the mind occurs, and no contract is formed. 165 Ariz. at 473.

5

Taymor's initial settlement letter expressly sought a "full settlement of all claims against Taymor and Taymor USA", and Plaintiffs have submitted their acceptance of Taymor's offer "in settlement of the pending lawsuit". If this evidence is accepted on its face, then the parties had differing intents when entering into the settlement and there was, therefore, no "meeting of the minds".

## IV.   LOCAL RULE 83.7 HAS NOT BEEN SATISFIED IN THIS CASE.

Rule 83.7 of the Local Rules of the United States District Court for the District of Arizona states:

> No agreement between parties or attorneys is binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record; provided, however, that in the interest of justice the Court shall have the discretion to reject any such agreement.

As evidenced by the prior discussion, the existence of a binding settlement between Plaintiffs and Taymor is "disputed". Taymor believes that it entered into a settlement that would have resulted in it receiving a global release of all claims by Plaintiffs. Plaintiffs evidently believe that they entered into a settlement that would only require them to give a partial release of the specific claims asserted in this case.

In Plaintiffs' Motion, Plaintiffs assert that the disputed settlement is "in writing", thereby satisfying the requirements of LR Civ. 83.7. (Motion, p. 10.) They base this contention upon the fact that they sent an email on May 7, 2015, in which they "accepted" Taymor's offer of $450,000. (Exhibit 1, ¶18.) (*Id.*, pp. 10-11.) However, it is undisputed that the offer that Plaintiffs were purportedly accepting was communicated orally. The only relevant **written** communication from Taymor was an email in which Plaintiffs' "acceptance of Taymor's offer is acknowledged." (Exhibit 1, ¶19.) *See John W. Masury & Son v. Bisbee Lumber Co.*, 49 Ariz. 443, 456 (1937) ("The mere acknowledgement of a debt is not a promise to pay it….."). The offer that was purportedly accepted by Plaintiffs was not reduced to writing until Taymor provided the

6

465874.1

draft Settlement Agreement. (Exhibit 1, ¶20.) Consequently, the exchange of email correspondence relied upon by Plaintiffs does not satisfy the "in writing" requirement imposed by Rule 83.7.

Additionally, the alleged Settlement Agreement was not "signed" by the attorneys (or by the parties). Instead, the emails exchanged by the attorneys contained a typewritten first name. (*See* Exhibit 1, ¶¶18 & 19.) Standing alone, a typewritten or electronic signature does not comply with the requirement that a document be "signed". *See Haywood Securities, Inc. v. Ehrlich,* 214 Ariz. 114 (2007). Instead, in order for an electronic signature to satisfy the requirement for a signed document, the name must be affixed to the document "*with the intention of signing*". *Id.*, quoting *Bishop v. Norell*, 88 Ariz. 148, 151 (1960) (emphasis in original). In the present case, there is no evidence that either party's attorney affixed his first name to an email with the intention of it constituting his signature. Consequently, the record does not support a finding that this requirement of Rule 83.7 has been satisfied.

Because the disputed settlement is not reflected in a "writing signed by the attorney of record", it is not binding on the parties. Local Rule 83.7 was designed to prevent the enforcement of disputed agreements such as the "settlement" that is the subject of Plaintiffs' Motion.

V.   **CONCLUSION**

For the reasons stated herein, there is no written or oral settlement accepting the limited release which Plaintiffs now offer, and Plaintiffs' Motion to Enforce Settlement should be denied. If Plaintiffs are now deemed to have accepted Taymor's offer to settle **all** claims, or if they now choose to do so, Taymor is prepared to stipulate to the enforcement of a settlement on the terms that it intended, namely a full release of all claims existing between the parties through the date that the final settlement is signed. Absent that result, Plaintiffs' Motion should be denied.

7

465874.1

1  DATED this 27th day of July, 2015.

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

By */s/ Joseph A. Schenk*
   Joseph A. Schenk
   2390 East Camelback Road, Suite 400
   Phoenix, Arizona 85016
   Attorneys for Defendants

8

465874.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2015, I served the foregoing Defendants' Response to Plaintiffs' Motion to Enforce Settlement on the following parties by electronic transmittal and U.S. mail:

Michael Napier, Esq.
Anthony J. Coury, Esq.
NAPIER, COURY & BAILLIE, P.C.
2525 E Arizona Biltmore Circle
Phoenix Arizona 85016
Attorneys for Plaintiffs
Mike@napierlawfirm.com
Anthony@napierlawfirm.com

Johnathan A. Coury, Esq.
HOOL COURY LAW PLC
2398 E Camelback Rd, Suite 1020
Phoenix Arizona 85016
jcoury@hoolcourylaw.com

/s/ K. Buensalido

9

465874.1